UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AET INC. LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-06-487 |
| | § | |
| C5 COMMUNICATIONS LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER STRIKING PLEADING

Plaintiff AET Inc. Limited ("AET") brought this action against Defendant C5 Communication LLC ("C5") seeking a judgment declaring that the maritime liens asserted by C5 are null and void.[1]  On July 2, 2007, AET and C5 jointly submitted a Stipulation of Dismissal Without Prejudice, and the Court dismissed the claim without prejudice on July 9, 2007.  On July 25, 2007, the Court received a document entitled "Objections to Stipulation of Dismissal and Motion to Vacate Order of Dismissal, Motion to Modify as to Order of Dismissal" ("Objections to Stipulation"). This document was filed electronically, and the signature block contained the name "James W. Stepp," C5's attorney, and indicated that Stepp's name was signed "with permission."  On July 27, 2007, the Court received a letter via email from AET's attorney, Peter McLauchlan.  Said letter stated that Eric G. Smith ("Smith Sr.") signed Stepp's name to the Objections to Stipulation without permission.  On the same day, Smith Sr. filed a Notice of Change and Entry of Representation, which indicated that Stepp was no longer representing C5. Instead, Smith Sr. was allegedly replacing Stepp and representing C5 *pro se*.  Smith Sr.

---

[1] The Court does not consider this Order worthy of publication.  Thus, it has not requested and does not authorize publication.

also filed a Motion to Withdraw the invalidly filed Objections to Stipulation, and he filed a Motion to Vacate or Motion to Modify Order of Dismissal and Objection to Plaintiff's Stipulation of Dismissal ("Motion to Modify").  On August 3, 2007, AET and C5 filed a Joint Motion to Strike the Motion to Modify.

    First, the Court points out that one of the allegations in the underlying action was that Smith Sr.'s son placed an electronic signature on a contract without consent.  Though no conclusions were reached regarding the validity of this allegation, the Court finds it strangely coincidental that the father, by signing his attorney's name without permission, engaged in the same iniquitous behavior of which his son stood accused.  The Court strongly admonishes both father and son against any further use of other people's signatures without permission, as such use is forgery and constitutes a crime. *See* Tex. Penal Code Ann. § 32.21 (Vernon 2003).

    Since Smith Sr. withdrew the document that bore the unauthorized signature and filed a new Motion objecting to the Court's dismissal of the action, the Court has considered the Motion to Modify.  However, Smith Sr. is not listed on the Complaint as a Party to this litigation, and he therefore has no standing to object to the Order.  This lack of standing is further accentuated by the fact that, according to the Joint Motion to Strike, Smith is not even C5's owner anymore.  Smith, as a non-party and essentially a member of the public at large, may not file Motions in this case without leave of this Court.  This Court does not now and will not in the future grant such leave.

    In accordance with the discussion above, Smith Sr.'s Motion to Modify, which is Docketed as Document Number 41, is **STRICKEN**.  As stated in the Court's previous Order, this case is **DISMISSED WITHOUT PREJUDICE**.  **However**, the Parties are

advised that they **SHALL NOT** re-file in this Court.

**IT IS SO ORDERED.**

**DONE** this 14th day of July, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge